# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Stiller

v.

Jefferson Corp. of Alexandria

July 9, 1987

Case No. (Law) 11507

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on Defendant's Special Plea challenging the subject matter jurisdiction of the Court. The basis for the motion is that the Plaintiff's sole remedy lies in the Workmen's Compensation Statute.

In support of its motion, Defendant (Jefferson) has offered evidence of its relationship to Plaintiff's employer, Custom Environmental Services (CES), and of the services CES performs for Defendant. CES is a contractor performing janitorial services for Jefferson and is the actual employer of Plaintiff. The question presented is whether Defendant is an "other" party from whom Plaintiff can recover damages, or whether Stiller is a statutory employee of Jefferson and thereby barred from bringing this cause by the workmen's compensation laws. The evidence is not in dispute.

In the past, Defendant has used its own employees for performance of janitorial services and plans to do so again after termination of the existing contract; the Defendant provides physical facilities to the subcontractor, regulates the hours of performance of the contract, and retains the right to approve the hiring of CES's employees, even management employees. Further, the work of the subcontractor is inspected by Jefferson's employees on a regular basis, and CES's manager is directly answerable to Defen-

dant. Evidence was admitted without objection that at five local hospitals four use their own employees for janitorial functions and the fifth uses a subcontractor but the employees are "on the hospital staff."

The contract between Jefferson and CES is telling in the degree of control exercised by Defendant over the subcontractor. Jefferson provides heat, water and telephone service; maintains a right of access to facilities is obligated to repair or replace equipment which remains its property, and sets the standards to which CES must perform.

Further, Defendant offers evidence of these standards as set by the Joint Commission on Accreditation of Hospitals.

The distinction in the numerous cases dealing with this troublesome question seems to be whether an owner/employer is contracting out work he himself normally does in the ordinary course of his particular trade, business or occupation, or whether he contracts out work which he does not do nor expect to do. In the former case, the provisions of the Workmen's Compensation Act attach. In the latter case, they do not.

It is not disputed that cleanliness is an indispensable activity in the hospital, and, further, it is clear from the evidence that this is an indispensable activity "normally carried on through employees rather than independent contractors." *Shell Oil Company v. Leftwich*, 212 Va. 715, 722 (1972).

This Court, therefore, finds that the janitorial and maintenance activities that Plaintiff was engaged in fall within those normally carried on by employees rather than independent contractors, that the provisions of the Workmen's Compensation Act apply, and that Plaintiff's sole remedy lies within the Act.

For the foregoing reasons, the Special Plea to the Jurisdiction must be sustained and this action dismissed.